UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BROWN,

       Petitioner,

                                        Case No. 04-10080

v.                                         Honorable David M. Lawson

KENNETH McKEE,

       Respondent.

_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Michael Brown, presently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of his constitutional rights. The petitioner was sentenced to fourteen to thirty years in prison following a guilty plea to armed robbery, Mich. Comp. Laws § 750.529, in the Saginaw County, Michigan circuit court. The petitioner asserts one ground for habeas relief: that he was denied due process because his sentence was substantially more severe than agreed upon as part of the plea agreement. The Court has carefully reviewed the petitioner's submissions and now concludes that this claim lacks merit.

I.

On March 19, 2002, the petitioner pleaded guilty in Saginaw County, Michigan circuit court to armed robbery. During the plea colloquy, he also acknowledged being a habitual offender and that this crime was his fourth offense. Pursuant to *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the parties and the trial court agreed to a minimum sentence of not more than fourteen years in prison. On June 6, 2002, the trial court sentenced the petitioner to imprisonment for a minimum term of fourteen years and a maximum term of thirty years.

The petitioner subsequently moved for re-sentencing on the ground that his plea was not voluntary or intelligently made. He claimed that the trial court did not sentence him according to the plea agreement or permit him to withdraw his plea when the court imposed a sentence greater than the sentence agreed upon by the parties. The trial court denied the petitioner's motion after concluding that it had not diverged from the plea bargain.

The petitioner appealed his sentence to the Michigan Court of Appeals, which denied leave to appeal "for lack of merit in the grounds presented." *People v. Brown*, No. 248170 (Mich. Ct. App. Aug. 13, 2003). On January 27, 2004, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the question presented should be reviewed. *See People v. Brown*, No. 124590 (Mich. Sup. Ct. Jan. 27, 2004).

The petitioner filed the instant habeas corpus petition on March 31, 2004. The ground for relief reads:

> Petitioner was deprived of due process of law when the sentencing court imposed a sentence that was substantially more severe than that agreed upon by the parties and denied his motion to be resentenced pursuant to the specified terms of the plea agreement.

The respondent has filed a response, urging the Court to deny the habeas petition because the petitioner's sentence was not an objectively unreasonable application of Supreme Court precedent.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ( internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also Davis v. Coyle*, 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

The petitioner's claim that he was deprived of due process of law when the trial court imposed a sentence that was substantially more severe than the sentence agreed upon by the parties has two components. He first argues that the trial court violated the terms of the plea bargain by sentencing the petitioner to more than the maximum sentence for which he bargained. The petitioner insists that the plea bargain called for a maximum sentence of fourteen years and the trial

court improperly attempted to rewrite the plea agreement by sentencing him to a maximum of thirty years in prison.

In support of his argument, the petitioner points to *Santabello v. New York*, 404 U.S. 257, 262 (1971), in which the Supreme Court held that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." That case, however, concerned the *prosecutor's* breach of the plea agreement, not the *trial court's* as alleged here. The petitioner has cited no Supreme Court decision holding that a sentencing court is obligated to honor a *prosecutor's* recommendation as to an appropriate sentence, but that distinction, in the Court's view, is immaterial.

The Sixth Circuit has held that a defendant has no right to withdraw his guilty plea when a state judge does not follow a prosecutor's recommendation when the state court makes clear to the defendant at the plea hearing that it may depart from the recommended sentence. *Carwile v. Smith*, 874 F.2d 382, 385-86 (6th Cir. 1989). However, "there is a critical difference between an entitlement and a mere hope or expectation that the trial court will follow the prosecutor's recommendation." *Ibid.* (quoting *Mabry v. Johnson*, 467 U.S. 504, 507 n. 5 (1984).

Under Michigan law, the trial judge's participation in the plea bargaining process was outlined (and approved) by the state supreme court in *People v. Cobbs*. When the judge approves a so-called *Cobbs* plea, the sentencing court is not bound by the sentencing recommendation, but the defendant is given an absolute right to withdraw the guilty plea if expectation is not realized. The *Cobbs* court explained:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> To avoid the potential for coercion, a judge must not state or imply alternative sentencing possibilities on the basis of future procedural choices, such as an exercise of the defendant's right to trial by jury or by the court.
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocation afforded to the prosecutor and the victim, or from other sources. However, *a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.*

*Cobbs*, 443 Mich. at 283, 505 N.W.2d at 212 (emphasis added) (footnote omitted).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam )." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Nonetheless, if the petitioner pleaded guilty on the basis of a promise that was not fulfilled, he ought not be bound by his plea. The Sixth Circuit has recognized that the "failure to adhere to [a] plea agreement in good faith has been held to implicate a defendant's due process rights." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

A petitioner's entitlement to relief as a result of an alleged broken plea agreement depends in the main on the precise language of the agreement itself. The Sixth Circuit has explained:

> This court has held that "[p]lea agreements are contractual in nature. In interpreting and enforcing them, we are to use traditional principles of contract law." *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991). One fundamental principle of contract interpretation is that "primary importance should be placed upon the words of the contract. Unless expressed in some way in the writing, the actual intent of the parties is ineffective, except when it can be made the basis for reformation of the

writing." 11 Williston on Contracts § 31:4 (4th ed. 2000). Consistent with the principle articulated by Williston, this court has held that the state will be held to the literal terms of the plea agreement. *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990) (citing *United States v. Kamer*, 781 F.2d 1380, 1387 (9th Cir. 1986)).

*Smith v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004).

Focusing on the precise language of the *Cobbs* plea in this case, the Court must conclude that the state trial court did not violate the terms of the plea agreement. The agreement obligated the prosecutor to recommend a *minimum* sentence of not more than fourteen years. Plea Hr'g Tr. at 18 (Mar. 19, 2002). The trial court honored this agreement by sentencing the petitioner to a minimum sentence of fourteen years. The petitioner attempts here to parlay that promise into an agreement with respect to the *maximum* sentence in the case. Whether due to a good faith misunderstanding or an attempt to manipulate the record, however, the petitioner's argument must fail.

Michigan uses an indeterminate sentencing scheme for custodial sentences in which the sentencing court sets a minimum term of imprisonment that may be as long as two-thirds of the statutory maximum sentence. *See* Mich. Comp. Laws § 769.34(2)(b); *People v. Babcock*, 469 Mich. 247, 255 n. 7, 666 N.W.2d 231, 237 n.7 (2003) (citing *People v. Tanner*, 387 Mich. 683, 690, 199 N.W.2d 202 (1972)). If the statutory maximum sentence is life in prison, as in the case of armed robbery, then the sentencing court has discretion to set the maximum term as well. *Babcock*, 469 Mich. at 256 n. 7, 666 N.W.2d at 237 n. 7. The Michigan parole board has the discretion to release a prisoner after he has served his minimum sentence. Mich. Comp. Laws § 791.233(1); *Hopkins v. Michigan Parole Bd.*, 237 Mich. App. 629, 646, 604 N.W.2d 686, 695 (1999). The plea agreement in this case addressed only the minimum sentence. To complete the criminal sentence under the indeterminate sentence law, the sentencing court also must establish a maximum term, which, as

noted earlier, is set automatically by statute or established by the sentencing judge's unrestricted discretion.

Although there may have been some ambiguity during the discussion on the record in this case, as discussed below, a careful review leads to the conclusion that the maximum sentence was not discussed at the time of the plea hearing, and played no part in the *Cobbs* plea agreement. Therefore, the assertion that the trial court violated the terms of the plea bargain therefore has no basis in fact.

The petitioner also alleges that his guilty plea was not voluntary, knowing, and intelligent because he failed to receive the benefit of his bargain. The petitioner claims that he thought the maximum sentence would not exceed fourteen years and that he could not have anticipated a more severe sentence because both the prosecutor and defense counsel assured him the sentence would be "capped" at fourteen years.

Because a plea is a waiver of certain constitutional rights, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749. For a guilty plea to be voluntary, "the defendant need only be aware of the direct consequences of the plea" and "the maximum sentence that could be imposed." *King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994). Affirmative misstatements of the maximum possible sentence can invalidate a guilty plea. *Pitts v. United States*, 763 F.2d 197, 201 (6th Cir. 1985). Moreover, federal courts cannot exclude all possibility that a defendant's representations at the time of his guilty plea were the product of misunderstanding, duress, or misrepresentation by others so as to make the

guilty plea a constitutionally inadequate basis for imprisonment. *Blackledge v. Allison*, 431 U.S. 63, 75 (1977).

As noted above, in Michigan the sentencing guidelines set forth a range for the sentence. However, it is well established under Michigan law that the sentencing-guideline range only applies to a defendant's minimum sentence. *See* Administrative Order No.1984-1, 418 Mich. xxiv; *People v. Ridley*, 142 Mich. App. 129, 133-34, 369 N.W.2d 274 (1985). The upper limit of the sentencing guidelines is sometimes referred to as the "maximum minimum."

The prosecutor in this case stated at the plea proceeding that the mid-range for the sentencing guidelines – that is, the prescribed minimum sentence – was 175.5 months, which he had rounded down to fourteen years. He then said,

> It would have been about 14-1/2 years, and *we're going to cap any potential sentence for the defendant at 14 years.*
>
> I understand the Court does not have to follow that, but if the Court chose to sentence higher, then it would allow the defendant to withdraw his plea.

Plea Hr'g Tr. at 9 (Mar. 19, 2002) (emphasis added).

Defense counsel agreed, stating that in exchange for a plea of guilty to armed robbery and acknowledgment of the petitioner's habitual offender status,

> *the People are agreeing to recommend to the Court a cap of not more than 14 years*, this being roughly the mid-point of what was believed to be the appropriate guidelines in this case. That is a sentence bargain cap in this, the understanding being if the Court were to exceed that at the time of sentencing, Mr. Brown would have a right to withdraw his plea and proceed to a jury trial.

*Id.* at 10 (emphasis added).

The trial court subsequently engaged in a colloquy with the petitioner, who was then thirty-six years of age and had completed the eighth grade. The petitioner stated that he had discussed his

plea with his attorney and that he was pleading guilty freely and voluntarily. *Id.* at 13, 15. When the trial court asked the petitioner whether he understood that he was pleading guilty to a felony that carried a maximum penalty of life imprisonment or any term of years, the petitioner responded, "I pray to God I don't get it" and "I pray to God I don't receive that." *Id.* at 15. The court then asked, "But do you understand that that's what you're pleading guilty to?" *Ibid.* The petitioner responded, "Yes." *Ibid.*

The petitioner went on to reassure the court that he understood the rights he was waiving by pleading guilty. Then the trial court said:

> Now it's my understanding, Mr. Brown, that the plea agreement that's been entered into between you and your attorney and the prosecutor's office in this case is the prosecutor is recommending that the Court sentence you to no more than 14 years in prison, *the maximum-minimum being no more than 14 years.* You understand that?

*Id.* at 18 (emphasis added). The petitioner answered, "Yes." *Id.* at 15.

The court explained that it was not required to follow the prosecutor's recommendation, but that the court would provide an opportunity for the petitioner to withdraw his plea if the court did not follow the prosecutor's recommendation. The petitioner said he understood and he was pleading guilty of his own choice. *Id.* at 19-20.

Thus, the record indicates that the petitioner was informed of the maximum statutory penalty that the court could impose. And although the attorneys stated that the sentence would be "capped" at fourteen years, they obviously were referring to the minimum sentence because their comments were made in the context of a discussion about the sentencing guidelines. Although that point may not have been so obvious to the petitioner when listening to the words used by the lawyers, the trial court clarified the terms of the plea bargain when it stated that the "maximum-minimum" sentence

would be no more than fourteen years. The petitioner responded to this comment by saying that he understood. His contention that he thought the maximum sentence could be no more than fourteen years is undermined by the fact that neither he nor his attorney objected or even questioned the trial court's comment about the maximum-minimum sentence of fourteen years. There is no doubt that defense counsel understood the import of the agreement. The petitioner does not allege that his attorney failed to explain these terms or gave him bad advice.

The petitioner also stated at the plea hearing that no other promises were made to him to induce his guilty plea. Both the prosecutor and defense counsel informed the trial court that no other promises or inducements were made that had not already been disclosed to the court on the record. *Id.* at 19-20. It was incumbent on the petitioner to object or to seek clarification if his understanding of the plea bargain differed from the trial court's statement that the maximum minimum would be no more than fourteen years. *See Baker v. United States*, 781 F.2d 85, 89-90 (6th Cir. 1986). The petitioner was not inexperienced with the criminal justice system. His criminal record included three prior felony convictions, all of which were subject to Michigan's indeterminate sentencing law.

The petitioner's allegations also are undermined by his comment that he hoped he would not receive a maximum sentence of life imprisonment. This comment suggests that the petitioner was aware of the possibility that he could receive a *maximum* sentence of more than fourteen years.

Although the petitioner asserts that he misunderstood the maximum penalty that could be imposed, the state courts' implicit conclusion that the petitioner's plea was knowingly and voluntarily entered into was not objectively unreasonable. The petitioner therefore is not entitled to habeas relief.

III.

The decision of the state court of appeals affirming the petitioner's convictions was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). The state court's findings of fact, presumed correct on habeas review, are supported by the record. *See* 28 U.S.C. §§ 2254(d)(2) and (e)(1).

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 27, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 27, 2007.

s/Felicia M. Moses
FELICIA M. MOSES